UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13941-GAO

RAVI KUMAR R. KOMARI,
Plaintiff,

v.

TUFTS UNIVERSITY, LINDA ROSS, AMERICAN VETERINARY MEDICAL ASSOCIATION, BOARD OF TRUSTEES OF MISSISSIPPI PUBLIC UNIVERSITIES, PHILLIP BUSHBY, WESTERN VETERINARY CONFERENCE, BOARD OF CURATORS OF THE UNIVERSITY OF MISSOURI, LEAH COHN, and JOHN DODOM,
Defendants.

OPINION AND ORDER
July 29, 2016

O'TOOLE, D.J.

This Order resolves the pending motions in this case.

## I.   Procedural Motions

The various motions by defendants to join other defendants' motions or briefs (dkt. nos. 55, 62, 63, 65, 66, and 73) are GRANTED.

The plaintiff's Request for Extending the Time to Respond to Dismissal of Amended Complaint By All Defendants (dkt. no. 35) is GRANTED nunc pro tunc. The plaintiff's Request for Granting Leave to File Amended Complaint and Pleadings (dkt. no. 36) is DENIED. The operative complaint is the Amended Complaint filed December 30, 2015 (dkt. no. 21).

Certain defendants' Motion to Strike Plaintiff's Response, or, in the Alternative, for Leave to File Reply Brief (dkt. no 52) is GRANTED IN PART and DENIED IN PART. The motion to strike plaintiff's first response (dkt. no. 46) is DENIED, but the motion is GRANTED as to his second response (dkt. no. 51), which was filed without leave, and that document is stricken. So

much of the defendants' motion as seeks to file a reply is GRANTED, and the attached reply is deemed filed.

The plaintiff's Motion for Applying Estoppel Doctrine and Allowing the Discovery of Evidence (dkt. no. 57) is DENIED.

The defendants' Motion to Strike Plaintiff's Second Amended Complaint (dkt. no. 61) is GRANTED. The purported Amended Complaint (dkt. no. 56), which was filed without leave, is stricken.

The Joint Motion for Status Conference (dkt. no. 69) is MOOT.

**II.     Personal Jurisdiction**

By way of background, the plaintiff, Ravi Kumar R. Komari, an Indian-born veterinarian who desires to be licensed to practice in this country, alleges that he took and failed portions of a qualifying test known as the Clinical Proficiency Exam ("CPE") on several occasions. For graduates of non-accredited foreign veterinary schools, demonstrating professional skill by passing the CPE is an important step in the process of acquiring a certification to practice veterinary medicine in the United States. The administration of the CPE is overseen by the American Veterinary Medical Association ("AVMA"), one of the defendants here. The AVMA arranges for the test to be given at various times and locations. The other defendants are alleged to have participated in administering the CPE to the plaintiff at one time or another. He now brings this action, *pro se*, alleging in substance that the various defendants conspired to ensure that he would fail the CPE.

Defendants Western Veterinary Conference ("WVC"),[1] W. Ron DeHaven,[2] the Curators of the University of Missouri, Leah Cohn, John Dodom, Phillip Bushby, and the Mississippi Board of Trustees of State Institutions of Higher Learning ("Mississippi Board")[3] have all moved to dismiss the claims against them for the reason that this Court lacks personal jurisdiction over them.

Due process under the Constitution restricts the ability of a court to exercise jurisdiction over persons not residing or acting within the geographic territory within which the court is authorized to act. The constitutional limits on personal jurisdiction come in two varieties, general and specific. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002). There is no allegation that any of these out-of-state defendants are so tied to Massachusetts that they are "essentially at home" in this state, and thus, general personal jurisdiction does not apply here. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).

Specific personal jurisdiction is focused on a defendant's conduct within the forum State that is related to the issues underlying the lawsuit. A plaintiff must establish three conditions to establish that specific jurisdiction exists in a given case:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must . . . be reasonable.

---

[1] Also identified with WVC in the Amended Complaint is Jack Walther, an employee of WVC. To the extent that Walther is a defendant, WVC's arguments apply equally to him.

[2] It is unclear whether DeHaven, an executive vice president at the American Veterinary Medical Association, is actually a party. His name is in the caption, but the Amended Complaint contains no factual allegations whatsoever about him.

[3] Identified in the Amended Complaint as the "Board of Trustees of Mississippi Public Universities."

Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016) (alteration in original) (citation omitted). Because this Court sits in Massachusetts, the relevant contacts to consider are those between each defendant and Massachusetts.

For the individual defendants, DeHaven, Bushby, Cohn, and Dodom, there are very few factual allegations in the Amended Complaint concerning them at all, and none of them have anything to do with Massachusetts. The only discussion of the activities of these defendants concerns communications or interactions with AVMA, which is headquartered in Illinois. There are no contacts with Massachusetts asserted with respect to these persons, let alone contacts sufficient to support personal jurisdiction here.

More is alleged about the organizational defendants that are now moving for dismissal for lack of personal jurisdiction, but none of the allegations involve contacts with Massachusetts. Each of these organizations hosted a CPE test which the plaintiff took, but in other States. WVC administered the testing in Nevada, the University of Missouri in Missouri, and the Mississippi Board in Mississippi.

Defendants Ross, Tufts, and AVMA do not dispute that this Court may exercise personal jurisdiction over them. The former two are plainly within the territorial jurisdiction, and for any claims potentially arising from the Tufts-administered CPE, AVMA interacted with Tufts sufficiently to satisfy the three criteria set forth in Copia Communications, quoted above. The plaintiff apparently seeks to leverage those parties' contacts with Massachusetts against the other defendants by claiming that they all conspired together, and since the conspiracy touched Massachusetts, personal jurisdiction exists over all co-conspirators wherever they may be located.

There are two substantial problems with the plaintiff's argument. First, except for the broad allegation that there was a conspiracy, there is a dearth of specific facts pled to support that claim.

The Court need not accept the conclusory assertion that there was a conspiracy, and that it touched Massachusetts, without subsidiary factual allegations that would support such a conclusion. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007).

Even if there were sufficient supporting facts to conclude that the out-of-state defendants had conspired with in-state defendants (which there are not), that would not be enough by itself to authorize the Court's exercise of personal jurisdiction over those foreign defendants. The plaintiff cites Mandelkorn v. Patrick, a case which justified the exercise of personal jurisdiction on a conspiracy among all defendants that allegedly caused injury within the forum. See 359 F. Supp. 692, 696–97 (D.D.C. 1973). Whether a "conspiracy theory of personal jurisdiction" should be recognized is debatable, but even if it were, it would require some specific allegation that overt acts in furtherance of the conspiracy were committed in Massachusetts. See Glaros v. Perse, 628 F.2d 679, 682 & n.4 (1st Cir. 1980); see also BGI Inc. v. Merrifield, Civil Action No. 12-10658-RWZ, 2013 WL 297942, at *1–2 (D. Mass. Jan 25, 2013). At a minimum, a plaintiff would be required to show "something more than the presence of a co-conspirator within the forum state, such as substantial acts performed there in furtherance of the conspiracy and of which the out-of-state co-conspirator was or should have been aware." Glaros, 628 F.2d at 682.

Whatever Tufts', Ross's, or AVMA's CPE-related activities in Massachusetts may have been, there is no allegation that any of the other out-of-state defendants were aware of them or "conspired" in any particular way to assist or advance them. So far as appears from the plaintiff's allegations, their actions were localized within their home states and perhaps directed to Illinois-based AVMA. Massachusetts is simply the wrong forum for the claims against these defendants.

The plaintiff has not shown that this Court may properly exercise personal jurisdiction over the defendants other than Tufts, Ross, and AVMA. Consequently, the respective motions to dismiss for lack of personal jurisdiction (dkt. nos. 26, 37, and 40) are GRANTED, and all claims against those out-of-state defendants are dismissed without prejudice.

### III.     Failure to State a Claim upon Which Relief Can Be Granted

The remaining defendants, Ross, Tufts, and AVMA, have all moved to dismiss for failure to state a claim. See Fed. R. Civ. Pro. 12(b)(6). No facts are alleged about Ross other than that she was an examiner at Tufts. (See Am. Compl. ¶ 2.) In other words, there is no claim asserted against her.

More facts about Tufts and AVMA are averred. The plaintiff took two rounds of CPE testing at Tufts, once in April 2013 and once in December 2013. In those rounds, he failed tests in subject areas that he had previously passed. The plaintiff alleges that "[a] comparison of [his] previous . . . exam records . . . and the . . . records from [Tufts] will show the bias in grading." (Id. at ¶ 43.) The examiners at Tufts "marked off on simple procedures" so that "[i]t look[ed] like [the plaintiff was] getting worse . . . with every administration of the test." (Id. at ¶ 23.) There was such a discrepancy between the plaintiff's perception at how he had performed at Tufts and the scores he received that he was "flabbergasted." (Id. at ¶ 69.)

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). On a motion to dismiss, a court must take as true all the factual allegations in a complaint. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). However, those allegations must "nudge[] [the plaintiff's] claims across the line from conceivable to plausible." See Twombly, 550 U.S. at 570. At the same time, a pleading filed by a *pro se* party is "to be liberally construed" and "however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

Broadly stated, the plaintiff alleges the following: He was trained as a veterinarian in India and practiced as such there before moving to the United States. He took the CPE a number of times, sometimes passing some sections and failing others. On retests he sometimes failed sections he had previously passed. He was "marked down" even when his performance was satisfactory. He is at a loss to explain why, his performance having been satisfactory, the defendants nevertheless gave him failing grades. He concludes that the explanation must be that there was a conspiracy among the defendants to prevent him from passing the CPE, perhaps out of a discriminatory attitude toward persons of South Asian origin.

The plaintiff has a theory. What he lacks are specific facts that would plausibly support the theory. Twombly, 550 U.S. at 570. "Bald assertions" and "unsubstantiated conclusions" do not suffice to state a claim adequately under the Rule 12(b)(6) standard. See Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citation omitted). "[A] complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). Mere "[t]hreadbare recitals of the elements of a cause of action" or "legal conclusions" found in the pleadings may be discounted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Substantially for the reasons set forth in the defendants' briefing, the Amended Complaint fails to state an actionable claim against Tufts or AVMA (as well as Ross, as noted above). The federal civil rights and anti-discrimination statutes the plaintiff cites do not apply to his circumstances. (Nor do the wholly inapplicable criminal fraud and RICO statutes.) He has not pled a cause of action for misrepresentation or fraud sufficiently for Rule 8 purposes, let alone for Rule

9(b), which requires "particularity." While he includes the phrase "breach of contract," no specifics are pled concerning the promises made and/or how they were breached. A potential common law claim for conspiracy fails for lack of detail, as noted above. And the elements of the tort of intentional infliction of emotional distress are not supported by the necessary factual allegations.

For these reasons, the Rule 12(b)(6) motions of defendants Ross, Tufts and AVMA to dismiss the action for failure to state a claim (dkt. nos. 29 and 32) are GRANTED, and the Amended Complaint is dismissed as to them with prejudice.

Accordingly, the plaintiff's Motion for Preliminary Injunction (dkt. no. 67) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge